# Commissioners' Court *v.* Moore.

*Appeal from Judgment of Circuit Court annulling Order of Commissioners' Court, revoking Allowance of Claim against County.*

1. *Commissioners' court; power exercised in auditing claim.*—The Commissioners' court in auditing and allowing claims against the county, under § 832 R. C., performs an executive, not a judicial act; but having allowed a claim, it has no authority, at a subsequent term, to vacate and annul the order allowing it.

2. *Allowance of claim; effect of.*—The allowance of the claim is *prima facie* evidence of its correctness, casting the burden of impeaching it upon him who questions it; but where a claim is allowed, which is not legally and properly chargeable against the county, the commissioners' court exceeds its authority, the allowance of the claim is void, and the county is not estopped from disputing its liability.

3. *Same.*—After the claim has been allowed, the holder cannot sue the county, but must proceed by *mandamus* to compel the levy of a tax, or against the treasurer if he fails, without sufficient excuse, to make payment, and the treasurer or officers, when thus proceeded against, may set up the illegality or invalidity of the claim, or fraud in obtaining it, to defeat payment.

4. *Same; remedy to avoid payment of allowed claim.*—The court inclines to the opinion that a bill in equity by the county for the cancellation of the warrant, is the most appropriate remedy to avoid payment, where the warrant is issued illegally, or there is a just defence to it.

APPEAL from Circuit Court of Coffee.

Tried before Hon. J. McCALEB WILEY.

On the 16th day of July, 1866, the commissioners' court of Coffee county after hearing evidence upon a claim presented against the county by John G. Moore, passed the following order: "It is ordered by the court that the county treasurer pay to J. G. Moore three hundred dollars for four hundred bushels of corn, bought for the indigent families of Coffee county, and delivered at Henderson's Store, in the year 1864, out of any money in the treasury not otherwise appropriated." This order was duly presented to, and regis-

[Commissioners' Court v. Moore.]

tered by, the county treasurer, on the 21st day of the same month.

Afterwards, at the regular August term, 1870, the commissioners' court made an order reciting the allowance of the claim, but that it was for purchases made by Moore, "with Confederate money during the war, for supplies to aid the support of the families of soldiers, and which was not received, and that such claims are unlawful and the court has no right to levy a tax," and therefore cited Moore to appear at the next term, to show cause why the order allowing his claim should not be annulled.

At the next term the commissioners' court made an order, reciting in substance that the claim was illegal and invalid, and the order allowing it was therefore annulled, and an order was made prohibiting the treasurer from paying the warrant.

On the 5th day of May, 1873, Moore petitioned the commissioners' court to revoke its order, annulling the allowance of his claim, alleging among other reasons, that it had no power, at a subsequent term, to vacate and annul an order duly passed at a former term allowing a claim against the county. The commissioners' court refused the prayer of the petition, and dismissed it; thereupon, it seems, Moore appealed to the circuit court. He also petitioned the judge of the circuit court for a writ of *mandamus* or other remedial writ, returnable to the next term of the circuit court, to compel the commissioners' court to vacate and annul the order complained of. The circuit court rendered judgment vacating and annulling the order of the commissioners' court, revoking the allowance of Moore's claim, and hence this appeal.

J. E. P. FLOURNOY, for appellant.—The warrant in favor of Moore is void on its face. *Bibb & Falkner* v. *Chambers County*, (44 Ala. 119). Being void the commissioners' court had power to set it aside at any subsequent term. The order allowing the claim is more like a simple acknowledgment of indebtedness than like a judgment. The party presenting the claim is not bound by the action of the court, and may sue if dissatisfied with the amount allowed him.

W. D. ROBERTS, *contra*.—From the powers and duties imposed on the commissioners' court it is evident that it acts judicially in allowing a claim. Its order of allowance is a *judgment;* it is a court of record, and after the adjournment of the term its judgments import absolute verity, and cannot

[Commissioners' Court v. Moore.]

be impeached by parol evidence. The order allowing the claim is not void on its face. No law relieved the county of the duty of maintaining the indigent poor, because they were relatives or kin of Confederate soldiers.

BRICKELL, C. J.—Counties are not only mere local sub-divisions of the territory of the State, but civil or political organizations, with limited and defined powers, and are agencies or auxiliaries in the administration of civil government. Dillon Munic. Cor. § 10; *Webster County* v. *Taylor*, 19 Iowa, 117. Every county in this State is by statute declared a body corporate, capable of sueing and being sued. Like other corporations, the power with which it is clothed is exercised by officers. The court of county commissioners is entrusted with the authority and jurisdiction, whether legislative, judicial or executive, committed to the county. This body is entitled a court of record. R. C. § 825. Yet the statute in declaring its powers distinguishes those which are judicial, or in their nature judicial, from those which may well be regarded as merely executive or ministerial. In the words of the statute it has *original jurisdiction,* in relation to the establishment, change or discontinuance of roads, bridges, causeways and ferries, within its county, to be exercised in conformity with the provisions of the Code. R. C. § 831. The jurisdiction thus conferred is in its very nature legislative and judicial. So long as its action is not productive of private individual injury, it has a wide discretion, and is guided only by its knowledge of public necessity and convenience. No other tribunal can intervene to revise or control its action. If its action is productive of private injury, or interferes with private property, it is then judicial, and the subject of revision by the tribunals clothed with revisory power over inferior tribunals. Thus far the statute clothes it with jurisdiction in express terms. The succeeding section of the Code changes its phraseology, and declares this court has *authority,* among other things, "to examine, settle and allow all accounts and claims chargeable against the county," and "to make such rules and regulations for the support of the poor in the county as are not inconsistent with any law of the State." R. C. § 832. By another section it is provided: "the court of county commissioners must, in term time, audit all claims against their respective counties; and every claim, or such part thereof as is allowed, must be registered in a book kept for that purpose," &c. R. C. § 907. In·the exercise of this authority, the act of the court is not judicial, but executive. If it audits and allows a

claim not properly and legally chargeable on the county, or which it has not authority to allow, it exceeds the power with which it is entrusted, and as the act of a corporation which is *ultra vires,* is void, so is the action of the court. Or, if upon false evidence, it should be lured into the allowance of an unjust claim, or should allow a claim, which was wanting in consideration, or the consideration of which failed, the county would not be estopped from defending against it. The audit and allowance, has no more force and effect, than a settlement between individuals. It is a simple admission by the court of county commissioners, that there is a valid subsisting debt due and owing by the county. The admission *prima facie* fixes a liability on the county. So, if a settlement is had between individuals, and the one makes his note or bond payable to another for an ascertained balance, a *prima facie* debt is established. In each case the burden of impeachment rests on him who questions the *prima facie* evidence. If, after the audit and allowance, a warrant is pursuant to the statute, drawn on the county treasurer, it is a mere authority to him to pay. It is nothing more really than an order on the county itself, the debtor. Dillon Munic. Cor., § 406–412. When such warrants have been illegally issued— issued without authority, or when any just defense exists against the claim which they evidence, the county may maintain a bill in equity for their cancellation. Ib. § 412. And this we incline to regard as the most appropriate remedy. When the claim has been audited and allowed by the commissioners' court, it ceases to be the subject of a suit in the ordinary modes against the county. If the commissioners' court fail to levy and collect a tax for the payment of such claim, they fail to exercise a ministerial or executive power, with which they are clothed, and in the exercise of which an individual has a right and interest, and *mandamus* lies to compel its exercise. *Marshall county* v. *Jackson county*, 36 Ala., 613. The answer to the application for such writ could set up the invalidity of the claim audited and allowed. If the funds are in the treasury of the county to pay the same, and the county treasurer should be proceeded against for a failure to pay on demand, it would be his duty to set up in defense the invalidity of the claim.

While this is true, after the commissioners' court has audited and allowed a claim it has not capacity to retract. It may not recall the admission of the indebtedness it has made, and deprive the party holding the claim of the force the law attaches to its audit and allowance. It is an elementary principle, that admissions or declarations made by an in-

[Washington and Lewis v. The State.]

dividual at one time, cannot be withdrawn, or qualified, or controlled by counter declarations made at another time. On the same principle, and for the same reasons, it is not competent for the commissioners' court after it has allowed a claim against the county, and the term at which the allowance was made has been closed, to withdraw or lessen the force of the allowance. The rights of the person to whom the claim is allowed, have then attached, and are not within the control or power of the court. As an individual after having made an admission, must by proper and legal evidence neutralize or destroy its force, when it is introduced against him, so the county must rely on showing to a tribunal capable of adjudging between it and the person holding the allowed claim, that notwithstanding its allowance it is not well founded in law. The circuit court did not err in quashing the proceedings by which the commissioners' court sought to evade the effect of the allowance of the claim to the appellee. We abstain from expressing any opinion as to the validity of the claim preferred by the appellee. That question is not now presented. The judgment of the circuit court is affirmed.