# Jeffersonian Publishing Co. v. Hilliard.

## *Application for Mandamus.*

1. *Claims against county; when allowed by commissioners' court, probate judge must issue warrants on county treasury.*—The issuance of warrants on the county treasury in payment of claims that have been audited and allowed by the court of county commissioners, is a ministerial duty imposed on the probate judge (Code, § 901), in the performance of which he is without discretion, unless the order of allowance is itself an absolute nullity and void on its face; and if the judge of probate refuses to issue a warrant on the county treasury in obedience to an order of allowance, which is valid on its face, his obedience thereto may be compelled by *mandamus.*

2. *Same; same; interest of commissioners in claim presented does not render order of allowance void.*—The fact that the three county commissioners who voted the audit and allowance of a claim against the county, are interested in the claim, does not render the order of allowance of such claim void; and the probate judge can not justify his refusal to issue a warrant on the county treasury in payment of said claim on the ground of the said commissioners' interest therein.

3. *Same; same; allowance of claim bars further proceeding in pending suit on such claim.*—The allowance by the court of county commissioners of a claim against the county which had been formerly disallowed and upon which a suit is pending, bars further proceedings in such suit; and the pendency thereof furnishes no excuse for the refusal of the probate judge to issue a warrant against the county treasury in payment of such claim after it has been audited and allowed.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

JOHN D. GARDNER, for appellant.

PARKS, HARMON & GAMBLE, *contra.*—The answer in this case shows that the suit was pending against the county on

[Jeffersonian Publishing Co. v. Hilliard.]

the claim involved in the present action, and this fact is fatal to the relief prayed for by the petitioner.—*State v. North Lincoln St. R. Co.*, 34 Neb. 634; *State v. Matley*, 17 Neb. 564; *People v. Chicago*, 53 Ill. 424; *People v. Warefield*, 20 Ill. 165; *People v. Wiant*, 48 Ill. 268. Commissioner's court, in auditing and allowing claims against the county, does not act judicially, but ministerially. The allowance of a claim by them is a simple admission by the court that there is a valid subsisting debt due and owing by the county. ·*Com. Court v. Moore*, 53 Ala. 25. The commissioners' court is a mere agency through which the county transacts its business and affairs.

The allowance of the claims by the court of county commissioners was an executive act, and being made by only three who were interested in the claim, can not operate as an admission against the county.—*Vankirk v. Clark*, 16 S. & R. 289; *Irwin v. Commissioners*, 1 S. & R. 505; *Hine v. Hussey*, 45 Ala. 496; *Com. Court v. Moore*, 53 Ala. 25; 7 Amer. & Eng. Encyc. of Law, p. 66; 12 Amer. & Eng. Encyc. of Law, pp. 43, 46; Civil Code, §§ 647, 904. The action of the three commissioners in allowing the claim, being unauthorized and prohibited by the statute, on account of being interested in the proceedings, is no admission of a debt binding on the county, and is not such an allowance of the claim as is contemplated by law, and the probate judge can not be required to issue his warrant on the county treasurer for such a claim.—Civil Code, §§ 904, 647; *Hine v. Hussey*, 45 Ala. 496; 12 Amer. & Eng. Encyc. of Law, 43; *Com. Court v. Moore*, 53 Ala. 25.

BRICKELL, C. J.—This was a petition filed by the appellant praying the issue of a *mandamus* directed to the appellee, as judge of the court of probate of the county of Pike, commanding him to issue to the appellant warrants on the county treasury for the payment of claims against the county, which had been audited and allowed by the court of county commissioners. The answer of the appellee admits the rendition of the services by the appellant which were the consideration of the claims, and the audit and allowance of the claims by the court of county commissioners. In avoidance of the claims and of the duty to issue the warrants, it is alleged that the three commissioners voting the audit and allowance were holders of shares of the capital stock of appellant, and

that for this reason, and because they deemed the claims excessive, the remaining commissioner and the appellee objected to the audit and allowance. It is also alleged that one of the claims at one term of the commissioners' court had been disallowed, and there was suit pending on it, when at a subsequent term the audit and allowance was made. A bill of exceptions was taken reciting the introduction of evidence touching the interests of the commissioners, and of the sheriff and tax assessor, at whose instance, publication of advertisements were made, compensation for which forms one or more of the claims, as holders of the shares of the capital stock of the appellant. The evidence does not vary the case as made by the answer. The circuit court rendered judgment denying the *mandamus* and dismissing the petition, and from the judgment the appeal is taken.

The court of county commissioners is a court of record, of peculiar constitution. It is clothed with large powers relating to the internal government and affairs of the county, some of which are in their nature legislative, some judicial, and others administrative or executive. The court has authority "to examine, settle and allow all accounts and claims chargeable against the county." Code, § 826. Such claims do not become the subject of suit against the county, until they have been presented to the court of county commissioners, and disallowed or reduced by the court, and the reduction refused by the claimant.—Code, § 2574. When the court has audited and allowed a claim against a county, it is the duty of the judge of probate, the keeper of the records of the court, to "give the claimant a warrant on the treasury for the amount so allowed."—Code, § 901. The audit and allowance of claims against the county is the exercise of administrative or executive, not of judicial power. If the record should show affirmatively that the court had allowed a claim not legally chargeable on the county, the allowance of which was an excess of the authority with which the court is entrusted, the allowance would be void. But when the claim is of the character with which the county is by law chargeable, the audit and allowance creates a *prima facie* liability on the county; the power of the commissioners' court is exhausted; and the *prima facie* liability of the county imposes on the judge of probate the duty of giving the claimant a warrant on

the county treasury for the amount allowed. He is without authority to revise the action of the commissioners' court in the allowance of the claim, as he would be without authority to revise its action in the disallowance of a claim. The duty of the judge, is obedience to the mandate of the court; a mere ministerial duty imposed on him in his ministerial capacity of the keeper of the records of the court, in the performance of which he is without discretion.—*Commissioners' Court v. Moore*, 53 Ala. 25. In *Jack v. Moore*, 66 Ala. 187, it was said : "The issue of warrants on the county treasury in payment of claims the commissioners' court have allowed and ordered to be paid, is a ministerial duty imposed on the judge of probate, in the performance of which he has no discretion, unless the order of allowance is itself void, and on its face an absolute nullity, imposing no duty, and conferring no rights. When on its face the allowance of the claim is valid, and is the instrumentality for the payment of a claim chargeable on the county, he is without discretion—his duty is plain and simple, to issue the warrant on the county treasury, in obedience to the order of allowance; and if he refuses, the circuit court of the county, having a general jurisdiction and superintending power over all inferior tribunals, and officers exercising ministerial powers within its territorial limits, can by *mandamus* compel obedience."

The statute, (Code, § 647), declares : "No judge of any court, chancellor, county commissioner, or justice, must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity," &c. The statute has its foundation in the common law maxim, "*nemo debet esse judex in propria sua causa*," which it has been said is the maxim of every country, and that "the learned wisdom of enlightened nations, and the unlettered ideas of ruder societies, are in full accordance upon this point, and wherever tribunals of justice have existed, all men have agreed that a judge shall never have power to decide where he is himself a party.—*Wash. Ins. Co. v. Price*, 1 Hopk. Ch. 1. It is very properly said in 1 Freeman on Judgments, (4th Ed.) § 144, that the maxim extends "not only to cases in which the judge is a party upon the record, but also to other cases in which he has an interest, however minute, or where one of the parties is a cor-

poration of which the judge is one of the stockholders."
As we have said the commissioners' court is clothed with
power in its nature legislative, power in its nature judi-
cial, and power in its nature, administrative or execu-
tive.  It is seldom any of its proceedings may be said to
assume the form of an adversary suit, with parties liti-
gant.  If in any of its proceedings, there is interference
with or injury to private right or property, the party af-
fected may intervene, and obtain from the appropriate
superior tribunal, a revision of the proceedings.—1 Brick.
Dig. 441, § 205.  The powers of most frequent exercise
by the court are the legislative  and the administrative
or executive.  The statute to which we have referred,
disqualifying the commissioners, we are of opinion, was
intended to attach the disqualification, whether the court
be in tho exercise of one or the other of the powers.  If
this be the just construction and operation of the statute,
it is apparent cases may occur in which the statutory
disqualification  must yield, or the necessities of justice,
and the paramount constitutional right of the citizen to
its administration, without sale, denial, or delay, must
be sacrificed. The jurisdiction and authority of the court
are exclusive—there is no other court or tribunal capable
of the exercise of the one or the other.  It is not unrea-
sonable, or difficult, to conceive that cases like the pres-
ent, and other cases of like circumstances, will occur, in
which three of the commissioners may have an indirect
interest in a just claim against the county, or may bear
the prohibited relationship to the claimant.  If because
of the indirect interest, or the relationship, the claim is
not audited and allowed, there is failure and denial of
justice, which it can not be supposed the legislature in-
tended or contemplated.  In all such cases, we incline to
the opinion, that it is the duty of the commissioners to
proceed to the allowance or disallowance of the claim ;
and in other similar cases, to proceed to hear and deter-
mine the right, leaving the action of the court to the de-
termination of the proper revising tribunal.—1 Freeman
on Judgments, (4th Ed.), § 146 ; *In the matter of Leefe*,
2 Barb. Ch. 39 ; *Matter of Ryers*, 72 N. Y. 1 ; s. c. 28 Am.
Rep. 88 ; *Com. v. Brown*, 147 Mass. 585 ; s. c. 9 Am. St.
736.

If the disqualification of the commissioners was con-
ceded, the audit and allowance of the claims is not void

—it is not a nullity. It is now too firmly settled in our jurisprudence to be drawn in question, that if a disqualified judge render judgment, the judgment is not void; it is infected with error which will cause its reversal, but until it is reversed, it is valid and operative; because of the error it can not be collaterally assailed.—*Hine v. Hussey*, 45 Ala. 496; *Hayes v. Collier*, 47 Ala. 726; *Plowman v. Henderson*, 59 Ala. 559; *Trawick v. Trawick*, 67 Ala. 271. If the claims which were audited and allowed are not, as they now appear to be, legally chargeable on the county, or if there be any just defense against them, or if they be excessive, when the warrant issues for their payment, the county may maintain a bill in equity for its cancellation, or its reduction to the amount justly due.—*Com'rs' Court v. Moore*, 53 Ala. 25. The claims having been allowed are not now the subject of suit against the county. The audit and allowance imposed on the judge of probate a mere ministerial duty, to the performance of which he was legally bound. The filing and registration of the claims will impose on the county treasurer, the duty of payment within the order and the time the statute prescribes.

The pendency of suit on one of the claims at the time of its allowance, is not material. The subsequent allowance forms a bar to the further prosecution of the suit.

As presented by the petition and answer, the appellee was under the duty of issuing the warrants, and *mandamus* is the appropriate remedy to compel performance of the duty.

The judgment of the circuit court must be reversed, and a judgment awarding a *mandamus* in accordance with the prayer of the petition will be rendered.

Reversed and rendered.