(97 South. 59)

**FOUNTAIN, Probate Judge, v. STATE ex rel. HYBART et al. (1 Div. 259.)**

(Supreme Court of Alabama. Feb. 1, 1923. Rehearing Denied June 28, 1923.)

1. **Pleading** ☞214(1)—**Demurrer to pleading admits allegations therein.**

A demurrer to a pleading admits the allegations therein.

2. **Counties** ☞204(1)—**Audit and allowance of claims against county is administrative or executive, not judicial, act.**

The audit and allowance of claims against the county is the exercise of administrative or executive, and not judicial, power.

3. **Mandamus** ☞10—**Record of disallowance of a claim by county board of revenue held the only record thereof, so that probate judge could not be compelled by mandamus against him alone to register claim and draw warrant.**

Where, after a vote to allow a claim by a county board of revenue, the probate judge, who, as provided by Code 1907, §§ 3306, 3316, is its presiding officer and the keeper of its records, but has no voice as to claims unless the other members are equally divided, failed to record its action, made no register of the claim, and did not issue a warrant therefor as required by sections 146, 147, 3314, because two of the members desired a continuance of its consideration, and at a subsequent meeting the claim was disallowed and record made thereof pursuant to an order of the board, the only record of the claim, which record is determined by the board alone in exercise of their powers as such and not as individuals, is the record of disallowance, which could not be decreed, amended, or annulled by the court without consulting the board; and hence the judge cannot be compelled by mandamus against him alone to register the claim and draw his warrant therefor before a record of its allowance is established in a proceeding against the board.

McClellan and Gardner, JJ., dissenting.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Petition by the State of Alabama, on the relation of C. L. Hybart and F. W. Hare, for mandamus against M. M. Fountain, as Judge of Probate, etc. From a judgment for relators, respondent appeals. Reversed and remanded.

See, also, 208 Ala. 480, 94 South. 66.

Barnett, Bugg & Lee, of Monroeville, for appellant.

The relators had a plain and adequate remedy at law, and mandamus will not lie. Code 1907, § 13; Scarbrough v. Watson, 140 Ala. 349, 37 South. 281; Minchener v. Carroll, 135 Ala. 409, 33 South. 168; Ex parte Woodruff, 123 Ala. 99, 26 South. 509; State v. Wilson, 123 Ala. 259, 26 South. 482, 45 L. R. A. 772; 26 Cyc. 139. The board of revenue is a court of record, and its written records are the exclusive evidence of its acts. Code 1907, § 3306; Speed v. Cocke, 57 Ala. 209; Smith v. McCutchen, 146 Ala. 455, 41 South. 619; Mobile County v. Maddox, 195 Ala. 336, 70 South. 259; Everett v. Pickens, 203 Ala. 322, 83 South. 33; Crenshaw County v. Sikes, 113 Ala. 626, 21 South. 135. The decision of allowance of a claim is the exercise of an administrative or executive function, not binding on the county. Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 South. 196; Norwood v. Goldsmith, 162 Ala. 171, 50 South. 394; 15 C. J. 658; People v. Sup'rs Broome County, 65 N. Y. 222; Equitable Trust Co. v. Hamilton, 177 App. Div. 390, 164 N. Y. Supp. 58. Unless the claimant took some action to his detriment, the board had the right to rescind. Campbell v. Clinton County, 176 Ky. 396, 195 S. W. 787; Matthews v. Com. Cook County, 87 Ill. 590; Funk v. Hetfield, 27 Ind. 503; Crittenden County v. Shanks, 88 Ky. 475, 11 S. W. 469.

Powell & Hamilton, of Greenville, for appellees.

The second order, of disallowance, was void. The first order, of allowance, was binding. Demopolis v. Marengo County, 195

Ala. 214, 70 South. 275; 21 C. J. 661, 1191; 4 A. & E. Ency. Law (1st Ed.) 386; 7 A. & E. Ency. Law (2d Ed.) 960. It was the positive duty of the board, after allowance of the claim, to issue warrant and enter the same on a book kept for the purpose, and mandamus lies to compel such duty. Code 1907, § 3313; Code 1907, §§ 146, 147; Jack v. Moore, 66 Ala. 184; Com'rs v. Moore, 53 Ala. 25; Speed v. Cocke, 57 Ala. 209.; Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 17 South. 112; U. S. v. Arredondo, 6 Pet. 691, 8 L. Ed. 547.

SAYRE. J. Appellees petitioned the circuit court for a writ of mandamus to require appellant, Fountain, as judge of probate and ex officio president of the board of revenue, to register their claim as provided by sections 146 and 147 of the Code, "to record in the minutes ,on the minute book of said board of revenue of the meeting of May 9, 1922, the action of said board of revenue allowing said claim of your petitioners by said board," and issue to petitioners a warrant for a certain sum of money on account of a claim for services rendered to the county which, the petition alleged, had been audited and allowed by the board of revenue. Respondent answered, and to the answer relators demurred. The demurrer being sustained, respondent refused to plead over and judgment went for relators, after which this appeal.

[1] Respondent's answer alleges certain facts, and those allegations are admitted by the demurrer. Therein it appears that a majority of the board, on May 9, 1922, voted to allow the claim of relators, but that decision of a majority of the board was never registered in the book kept by the board for the purpose of showing claims as required by sections 146 and 147 of the Code, and thereafter, on August 19th, the board again considered the claim and disallowed the same; this order of disallowance being shown by the minutes of the board, a copy of which is exhibited with respondent's answer. What occurred with reference to this claim is shown in greater detail by the petition, the allegations of which, so far. as not in conflict with the answer, are accepted as true. The majority of the board, on May 9th aforesaid, voting for the allowance of the claim, indorsed on the back thereof the word "Allowed," and signed their names thereunder, after which the board adjourned sine die. The allegation of the answer is:

"That on the same date, and soon after the adjournment of the said meeting of the board, respondent was advised by a member of said board that one of the members of said board who had voted for allowing said claim had considered the matter, and reached the conclusion that he had acted too hastily in voting for the allowance of said claim, and desired to change his vote in order that the consideration of the claim might be continued to a subsequent meeting of the board in order that a proper investi-gation might be made by the board as to the reasonableness of the claim and the propriety of allowing same for the amount claimed; that he, together with the member of the board originally opposing the allowance, desired to have their vote so recorded as to effect a continuance of the consideration of said claim.

"Respondent further shows to the court that under these circumstances he did not at the time feel that record of this proceeding was essential; therefore he made no record of the proceeding, did not register the claim as allowed, and did not issue a warrant therefor."

[2, 3] The authorities in other jurisdictions are not in accord as to the effect of a decision of the commissioners' court allowing or disallowing claims against the county. But in this jurisdiction it is firmly settled that—

"The audit and allowance of claims against the county is the exercise of administrative or executive, not of judicial, power." State v. Goldsmith, 162 Ala. 171, 50 South. 394, and authorities there cited; Converse Bridge Co. v. Geneva County, 168 Ala. 432, 53 South. 196; Mobile County v. Williams, 180 Ala. 639, 61 South. 963.

Section 3314 of the Code requires the judge of probate to record the proceedings of the commissioners' court, in lieu of which the board of revenue has been created with like powers in Monroe county, but does not provide when he shall enter them of record. As to that, this court in Goodson v. Dean, 173 Ala. 301, 305, 55 South. 1010, referred, doubtfully, to subdivision 2 of section 5421 of the Code, prescribing the duty of the judge of probate "to keep minutes of all his official acts and proceedings; and, within three months thereafter, to record the same," as furnishing a rule perhaps in respect of his duty to record the proceedings of the commissioners' court as laid down in section 3314 of the Code. But further as to this see Adams v. Southern Railway, 176 Ala. 323, 58 South. 397. Sections 146 and 147 require that all claims against the county, passed upon and allowed, must be entered in a book kept for that purpose within two weeks after the term at which such allowances are made, "and the judge of probate must give the claimant a warrant on the treasury for the amount so allowed." Neither of these records was ever made of the action of the court in this case, or a majority thereof, on May 9th. In view of what was said in Speed v. Cocke, 57 Ala. 223, and in the recent case of Mobile County v. Maddox, 195 Ala. 336, 70 South. 259, and the intervening cases therein cited, it is clear enough that there is no record such as the law contemplates (Code, § 3314), of the alleged allowance of appellees' claim on May 9th. In Speed v. Cocke it was held that the book required by sections 146 and 147 of the Code for the registration of all claims allowed is

not a record of an allowance ordered by the court, and in that case the court said:

"If the statute had not declared the court of county commissioners a court of record, if it had only fixed the time of its terms, and required that within the term it should exercise its jurisdiction and authority, from the very nature of the jurisdiction and authority with which it is clothed, its recognition as a court of record would have been an inevitable necessity. It could not have been supposed, unless every suggestion of ordinary prudence was disregarded, that the evidence of its proceedings should rest in the fleeting memory of witnesses to its transactions, or be committed to the uncertainty of vague and indefinite memoranda, made by those who were present at these transactions, though in them they may have participated."

There is therefore, for aught appearing in the statement of facts composed from the pleadings in this cause, but one competent record—indeed, but one record of any character whatever—of any action taken by the board of revenue in the matter of appellees' claim against the county, and the action so shown was against the allowance of the claim. In Speed v. Cocke, supra, a case in which the question arose whether a claim that had been presented to the commissioners' court had been allowed, it was said:

"The allowance of the claim must be matter of record. A court of record speaks only through its records. A written memorial is the only evidence which other courts can receive of its proceedings, whether it is of the exercise of judicial power, or of mere ministerial authority and duty."

The court further quoted from Wade v. Odeneal, 14 N. C. 423, as follows:

"Courts of record speak only in their records. They preserve written memorials of their proceedings, which are exclusively the evidence of those proceedings. If they choose to keep minutes, which they understand, and can act on to their satisfaction, it is well. If, from them, they can undertake afterwards to draw out the record to perpetuate it to their successors, or to communicate its contents to another, I know nothing to prevent them but the difficulty in their own minds of being sure they make it what it was originally intended to be. But, until the record be so framed, another court cannot know more than the words of the minutes themselves import. The records may be identified, but their contents cannot be altered, nor their meaning explained by parol. The acts of the court cannot be thus established."

The foregoing, and more to the same effect from other authorities, was quoted in Crenshaw County v. Sikes, 113 Ala. 626, 21 South. 135, and was repeated in Mobile County v. Maddox, 195 Ala. 336, 70 South. 259. And in the last-mentioned case this court, referring to Smith v. McCutchen, 146 Ala. 455, 41 South. 619, said:

"A marked feature of the opinion in Smith v. McCutchen is that denying to the judge of probate any right, power, or authority, by his own unsupported act, to supplement, or to impart efficacy or validity to, the incomplete or deficient action of the county body."

And the court further said:

"That body, as such, must exercise the power and authority conferred on, and required of, it by law; and the act of a judge of probate in issuing a warrant for a claim against the county is impotent, in any degree or in any event, to invest incomplete action of the county body with validity or legal force. Upon such an act, if it is not supported by the proper authority, viz., appropriate, certain, record-shown action of the county body on the matter, no implication of ratification by the county body can be rested, or from it derived."

To the circuit court, at the time of the petition filed in this cause, at which time the board of revenue had established a record showing a disallowance of relators' claim, and to this court now, the board of revenue could speak only through its record, and its language was and is that relators' claim had been disallowed. Authorities supra.

Appellees place much store by the language used by this court in Commissioners' Court v. Moore, 53 Ala. 25:

"After the commissioners' court has audited and allowed a claim it has not capacity to retract. It may not recall the admission of indebtedness it has made, and deprive the party holding the claim of the force the law attaches to its audit and allowance."

Similar language appears in Speed v. Cocke, supra, and Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 576, 17 South. 112. If there were in the record in this cause competent evidence of the allowance of relators' claim on May 9th, it would devolve upon the court to reconcile those expressions with what was done in Converse Bridge Co. v. Geneva County, and Commissioners' Court v. Moore, supra, where it was ruled that, after the records contemplated by the statute had been made and a warrant on the treasury issued accordingly, the matter of the claim was not concluded against the county, for even then, no right of third parties having intervened, the county could maintain a bill in equity for the cancellation of the warrant if any just defense existed against the claim; the resort to equity in such case being required, as we assume, for the reason only that its peculiar remedy by cancellation was needed to give complete relief. And in Speed v. Cocke it was said that there was no necessity for the power to recall the allowance of claims, for, to quote Brickell, C. J.:

"The allowance operates merely an admission of indebtedness, and if improvidently made, it may be shown, whenever it is attempted to enforce the claim."

But that difficulty is not now presented for consideration, for here, as we think has abundantly appeared, the court can consider only that order of the board of revenue which disallowed the claim.

Appellees suggest that the foregoing statement of the law cannot be applied in the circumstances in this case, because the result would be to elevate the probate judge to a position of uncontrollable power in the administration of the affairs of the county by the board of revenue. They cite cases which show that the duties of the probate judge in the matter of preparing the minutes of the board of revenue, in making the registry of claims allowed as required by sections 146 and 147 of the Code, and in issuing warrants against the county treasury, are ministerial and will be enforced by the writ of mandamus. This general proposition of law has not been denied in this state for many years. The question at hand is whether in the circumstances shown by the record before the circuit court mandamus was the proper remedy for the enforcement of the performance by the probate judge of all or any of the duties just enumerated. It is conceded that upon the facts shown by the pleadings the order allowing relators' claim on May 9th should have been spread upon the minutes of the board of revenue. But that was not done, and at a later term of the board an order was passed and spread upon the minutes disallowing relators' claim. The duty of the judge, then as before, was obedience to the mandate of the court. Jeffersonian Pub. Co. v. Hilliard, supra. It is said, however, that the later order was a nullity and no duty of obedience as to it rested upon respondent. But this alleged nullity rests upon facts dehors the record and one question—at this time the controlling question—is, how shall the record as contended for by appellees be established—against whom must appellees proceed to establish it? The language of the statute, section 3306 of the Code, describes the judge of probate as the principal judge of the court of county commissioners. in this case, the board of revenue; but this, in view of other related sections, means merely that he presides over the meetings of the board. The section also makes the judge of probate the keeper of the records of the board, but in keeping the minutes of the board he acts as its amanuensis only. These conclusions rest upon section 3316 of the Code, which appears to intend that in the allowance or disallowance of claims against the county the judge of probate has no voice unless the other members of the board are equally divided. But, in any event, the powers of the board are to be exercised by them in their organized capacity as a board, not as individuals (15 C. J. 460), and the record they make is the record of the board, that is, the board determines the substance of the matters to be spread upon the minutes; that power is to be exercised by the board alone (15 C. J. 467); and our judgment is that such record cannot be decreed, amended, or annulled by the court that undertakes to supervise the board, without consulting the board—that the board, the members of the board other than the judge of probate, should be made parties to the proceeding. The cases cited on the brief for appellees shed no light upon the question now at issue. But it may be noted of such of them as involved proceedings against judges of probate to compel the issue of warrants, viz. Speed v. Cocke, supra, Jack v. Moore, 66 Ala. 184, and apparently Jeffersonian Pub. Co. v. Hilliard, supra, that there appeared upon the minutes of the commissioners' court an order or judgment, the existence of which was not disputed, allowing the claims for which the petitioners in those cases sought warrants, and in Speed v. Cocke, if not the others, the commissioners were made parties to the proceeding.

It is also urged that the court should not permit relators by this application to draw into question the order of the board of revenue disallowing their claim for the reason that, after the alleged order allowing the claim and on the occasion of its disallowance, relators appeared before the court and urged upon it the merits of their claim; but the question presented by this contention need not be considered, for, upon the record before us, it is clear that, whatever be the merit of relators' claim, and as to that we say nothing, of course, the respondent judge of probate cannot be compelled to draw his warrant as prayed in the petition. In the present state of the case relators must need take proper steps against the board of revenue to have a record established showing the prior allowance of their claim, in which event it will be necessary to consider the legal status and effect of conflicting records, or they must proceed to establish their demand against the county by an action in customary form.

Reversed and remanded.

All the Justices concur, except McCLELLAN and GARDNER, JJ., who dissent.