(100 South. 892)

**FOUNTAIN, Judge of Probate, et al. v. STATE ex rel. HYBART et al.   (1 Div. 308.)**

(Supreme Court of Alabama.   June 12, 1924. Rehearing Denied June 30, 1924.)

**1. Counties ⬤⟺53—Mandamus ⬤⟺101—Proper remedy to compel allowance of claim by county board of revenue to be recorded on minutes.**

Under Code 1907, § 3314, it is mandatory duty of probate judge as president of county board of revenue to record allowance of claim, and as record is only evidence of claimant's legal rights mandamus lies to compel recording of allowance, evidenced by written memorial, though board has attempted to rescind action and disallow claim.

**2. Mandamus ⬤⟺153—Petition to compel recording of allowance of claim by revenue board held properly amended to include all members of board.**

Amendment of mandamus petition against probate judge as such and as president of board of revenue to compel recording of allowance of claim by board held properly allowed to bring in other members of board.

**3. Mandamus ⬤⟺163—Prayer to expunge disallowance of claim from record of board of revenue held not to make petition demurrable.**

Petition for mandamus to compel recording of allowance of claim by revenue board was not demurrable because it prayed as ancillary remedy to have board's subsequent disallowance of claim expunged from record, since such prayer could be disregarded without affecting result.

**4. Mandamus ⬤⟺14(2)—Demand on president of revenue board to record allowance of claim held sufficient.**

Demand on president of board of revenue to record allowance of claim and to expunge subsequent disallowance held sufficient demand on board, and it was not necessary to repeat demand to every member, especially when it would have been unavailing.

**5. Mandamus ⬤⟺14(1)—Demand for performance of legal duty not necessary before suit.**

Demand for performance of legal duty to record allowance of claim specifically enjoined on board of revenue by law need not be made before suit.

**6. Appeal and error ⬤⟺969—Court's refusal to transfer case to equity side of court not reviewable.**

Trial court's refusal to transfer case to equity side of court is not reviewable on appeal.

Appeal from Circuit Court, Monroe County; John D. Leigh, Judge.

Petition for mandamus by C. L. Hybart and another against M. Mc. Fountain, as Judge of Probate and ex officio president of the Board of Revenue of Monroe County, and others. From a judgment granting the writ, respondents appeal. Affirmed.

The original petition was filed on August 16, 1922, by the appellees, Hybart and Hare, against M. Mc. Fountain, as judge of probate, and as ex officio president of the board of revenue of Monroe county. It showed that petitioners were employed by said board of revenue as attorneys to perform professional services in connection with the calling of a bond issue election and the proceedings thereunder for the issue and sale of bonds; that petitioners performed said services, and on May 9, 1922, presented and filed with said board their itemized and sworn claim for compensation therefor, in the sum of $2,500; that on said date, at a regular session of the board, said claim was audited and allowed, and three of the four members of the board indorsed on said claim the word, "Allowed," and signed their names thereto; and that the said board thereupon adjourned sine die, and the term was closed. It was further shown that thereafter petitioners demanded of the respondent Fountain that he issue to them a

---

warrant on the county treasurer directing him to pay to them the amount so allowed, but that he had refused to do so; and, further, that he had not registered petitioners' claim as required by sections 146 and 147 of the Code of Alabama. The prayer was for an alternative writ of mandamus, commanding the respondent to register petitioners' claim as required by law, and to forthwith issue to them a warrant upon the county treasurer for the amount allowed by the board.

On August 19, 1922, the alternative writ, reciting the above facts, was issued and duly served. On September 2, 1922, the petitioners amended their petition by alleging that respondent had failed to record on the minute book of the board within 90 days from the adjournment of said meeting of May 9th, as it was his duty to do, the acts and doings of the board thereat, and had failed to so record the allowance of said claim; and they amended the prayer appropriately to require respondent to record its allowance in the minutes, or on the minute book, of the board. This amendment was covered by the terms of the alternative writ, already issued, requiring respondent to so record.

Respondent's answer denied that the records or minutes of the board showed any allowance of petitioners' claim as alleged; that it had not been passed on or allowed; and denied his authority "to register said claim and issue said warrant."

Demurrer being sustained to this answer, respondent filed several successive answers, setting up in substance the following: That petitioners' claim was personally presented to the board by F. W. Hare, one of the petitioners, and upon his advice, "and with practically no consideration and deliberation, the board of revenue voted three to one to allow said claim; that on the same date, and soon after the adjournment of said meeting of the board, respondent was advised by a member of said board that one of the members of said board, who had voted for allowing said claim, had considered the matter, and had reached the conclusion that he had acted too hastily in voting for the allowance of said claim, and desired to change his vote in order that the consideration of the claim might be continued to a subsequent meeting of the board in order that a proper investigation might be made by the board as to the reasonableness of the claim, and the propriety of allowing same for the amount claimed"; that under these conditions he did not record the proceeding, nor register the claim, nor issue a warrant therefor; that at a subsequent meeting said Hare appeared before the board and requested action on the claim, but none was taken; "but thereafter, on August 14, 1922, at a regular meeting of said board, said claim was taken up, considered and formally disallowed"; that two members voted for and

two against allowance, and respondent cast the deciding vote against it; and this action is set out fully on the minutes of the board of said meeting.

The answer admits that petitioner demanded of respondent that he do the several things sought to be compelled by the petitioner, before it was filed.

Demurrer was sustained to this answer, and, respondent declining to plead further, a peremptory writ was issued, and judgment was rendered thereon. Thereupon respondent appealed to the Supreme Court, and on that appeal (210 Ala. 51, 97 South. 59) the judgment and order of the circuit court was reversed on the ground that the relief sought operated upon the entire board of revenue, and required that all of its members be made parties respondent to the petition.

Thereupon petitioners amended their petition by making all the members of the board parties respondent, on August 23, 1923; and also by setting up the alleged proceeding of disallowance; alleging ignorance of its existence until informed of it by respondent's answer denouncing it as void for want of jurisdiction, and praying that it be expunged from the records of said board of revenue.

The alternative writ was thereupon issued to the several respondents, and respondents Fountain, Carter, and Pearson moved to strike the amendment from the file on the grounds, substantially: (1) That it effected a complete change of parties respondent; (2) that it presented an entire change of the cause of action; and (3) that it sought to bring within the cause for relief a matter of record which was not in existence when the original petition was filed.

This motion being overruled, a demurrer was filed to the amended petition, on various grounds which are stated in the opinion. This demurrer being overruled, the three respondents named above answered the writ, repeating the substance of the former answer; denying that there was any "formal employment" of petitioners in the matter of the bond issue, but admitting that they performed the services claimed for; asserting that after the discussion of the matter of the allowance of the claim between the two members of the board and the president, they agreed that it was improvident, and "that the proceedings of said board should not be made to show an allowance of said claim, but that the matter should be left open for further consideration."

The answer admits that demand was made upon Judge Fountain for the doing of the several things in issue, but denies that demand was made on the other members of the board, and denies that any demand was ever made on any of them to expunge the record of disallowance (of August 14, 1922) from the minutes of the board.

Demurrer was filed to this answer on Oc-

tober 5, 1923, and on the same day respondents filed their motion to transfer the cause to the equity side of the court. This motion was overruled, and the demurrer to the answer was sustained.

Respondents declining to plead further, a peremptory writ was issued, with judgment final for the petitioners.

From this judgment respondents appeal, and assign for error the several rulings and judgments recited above.

Barnett, Bugg & Lee and R. L. Jones, all of Monroeville, for appellants.

The amended petition should have been stricken on motion. Code 1907, § 5367. There must be a demand and refusal to act before mandamus is authorized. Ex parte Schudder-Gale Gro. Co., 120 Ala. 434, 25 South. 44; 26 Cyc. 193. The claim being disallowed, petitioner had an action at law, and mandamus does not lie. Scarborough v. Watson, 140 Ala. 349, 37 South. 281; Fountain v. State, 210 Ala. 51, 97 South. 59; Minchener v. Carroll, 135 Ala. 409, 33 South. 168; Ex parte Woodruff, 123 Ala. 99, 26 South. 509; State v. Wilson, 123 Ala. 259, 26 South. 482, 45 L. R. A. 772; 26 Cyc. 139, 172. The board of revenue is a court of record, and its records are the exclusive evidence of its acts. Code 1907, § 3306; Speed v. Cocke, 57 Ala. 209; Smith v. McCutchen, 146 Ala. 455, 41 South. 619; Mobile County v. Maddox, 195 Ala. 336, 70 South. 259; Crenshaw County v. Sikes, 113 Ala. 626, 21 South. 135. The allowance of the claim being improvidently made, the motion to transfer to the equity docket should have been granted. Blackwood v. Eads, 98 Ark. 304, 135 S. W. 922; Emerson v. Bowers, 14 N. Y. 449; In re Treadwell's Estate, 37 Misc. Rep. 584, 75 N. Y. Supp. 1058; In re Connor's Estate, 110 Cal. 408, 42 Pac. 906; Nichols v. Smith, 186 Ala. 587, 65 South. 30.

Powell & Hamilton, of Greenville, for appellees.

The alternative writ of mandamus performs the office of the complaint. Wheeler v. Northern, 10 Colo. 582, 17 Pac. 487, 3 Am. St. Rep. 603; 18 R. C. L. 340, 349; Tapping on Mandamus, 362; State v. Board, 10 Iowa, 157, 74 Am. Dec. 381; Dane v. Derby, 54 Me. 95, 89 Am. Dec. 722; 26 Cyc. 426; Board v. People, 12 Ill. 248, 52 Am. Dec. 488; Longshore v. State, 137 Ala. 636, 34 South. 684; Garrett v. Cobb, 199 Ala. 80, 74 South. 226. The petition may be amended as often as necessary to meet the ends of justice. Code 1907, § 4864. The demand upon one member of the board was a demand upon all. Chumasero v. Potts, 2 Mont. 255; 19 Am. & Eng. Ency. L. (2d Ed.) 762. And where it would be unavailing, it need not be made. 12 Cyc. 182. The order of allowance should have been spread upon the minutes, and the subsequent order, being coram non judice, was

no defense for a failure. Comm. Court v. Moore, 53 Ala. 25; Speed v. Cocke, 57 Ala. 209; Jack v. Moore, 66 Ala. 184; Jeff. Pub. Co. v. Hilliard, 105 Ala. 576, 17 South. 112. After allowance the board has no authority to retract. Comm. Court v. Moore, supra. The action denying the motion to transfer the cause to the equity docket is not reviewable. Acts 1915, p. 830; Pearson v. City, 210 Ala. 296, 97 South. 916.

SOMERVILLE, J. [1] The question of primary importance presented by the record in this case is upon the right of the petitioners to compel the board of revenue of Monroe county to have entered upon its minutes—the record proper of its proceedings—the fact that the claim of petitioners was duly filed and duly allowed by the action of a majority of the board.

That the claim was regularly allowed, and a sufficient written memorial made thereof, and that the term was terminated by adjournment of the board without rescinding that action, are admitted facts as to which there can be no dispute.

On the former appeal of this case (Fountain, Probate Judge, etc., v. State ex rel. Hybart et al., 210 Ala. 51, 54, 97 South. 59, 61), we said:

"The question at hand is whether in the circumstances shown by the record before the circuit court mandamus was the proper remedy for the enforcement of the performance by the probate judge of all or any of the duties just enumerated. It is conceded that upon the facts shown by the pleadings the order allowing relators' claim on May 9th should have been spread upon the minutes of the board of revenue."

There is no question but that it was the duty of the probate judge as president of the board—a mandatory duty imposed by section 3314 of the Code—to enter upon the minutes of the board a record of the allowance of petitioners' claim.

"After the commissioners' court has audited and allowed a claim it has not capacity [at another and later session] to retract. It may not recall the admission of indebtedness it has made, and deprive the party holding the claim of the force the law attaches to its audit and allowance." Commissioners' Court v. Moore, 53 Ala. 25.

Very clearly, then, petitioners acquired a valuable right by the action of the board of revenue in auditing and allowing their claim. But "the allowance of a claim must be matter of record. A court of record speaks only through its records. A written memorial is the only evidence which other courts can receive of its proceedings, whether it is of the exercise of judicial power, or of mere ministerial authority and duty." Speed v. Cocke, 57 Ala. 209.

Hence there is no escape from the conclusion that the right acquired by petitioners—

evidenced as it was by a written memorial of the action of the board, sufficient in itself to call into exercise the statutory duty of its recordation—is a clear legal right which cannot ,be nullified and defeated by either the failure of the probate judge to perform his duty, or by the subsequent action of the board in attempted rescission. The right, to be practically effective, must be supported by formal record evidence; and petitioners have no remedy to make their conceded right effective except by the mandatory process here invoked.

To say that the board's subsequent action of disallowance gives to petitioners a ·clear legal right to proceed by action at law to the enforcement of their claim is to beg the question entirely; for in that case the wrongful refusal to make the records of the board show the admission formally and irrevocably made by the board would compel petitioners to proceed without the advantage of the record evidence in support of their claim to which they are clearly entitled. In short, the relief here sought is not merely the enforcement of petitioners' claim, but primarily to enforce their right to record evidence showing prima facie its existence and validity.

[2] The amendment to the petition was properly allowed. It did not work an entire .change of parties. The original petition and writ were against Fouhtain as probate judge, and also as ex officio president of the board of revenue. Under the amended petition he remained a party in the same capacities, and the bringing in of other members of the board as necessary parties did not change the character or purpose of the proceeding.

[3] Nor did the addition of the averments and prayer with respect to the expunction of the void action of disallowance ·from the records of the board render the petition or the writ subject to demurrer or other form of objection upon the theory that the amendment must relate back to the filing of the original petition, and that the right to that particular relief was then nonexistent. The relief by expunction, as sought by the amendment, was not of the substance of the relief primarily sought. It was ancillary merely to the main relief, and designed to make that relief more effective and complete, by removing a conflicting and improper memorial. The prayer for expunction might have been disregarded entirely, without in any way affecting the result.

It may be noted in passing that these objections were made by demurrer to the amended petition. .The usual practice, it seems, is to regard the alternative writ as the first pleading in the cause (Longshore v. State ex rel. Turner, 137 Ala. 636, 34 South. 684; Garrett v. Cobb. 199 Ala. 80, 74 South. 226; 26 Cyc. 426; 18 R. C. L. 340); and to address objections for insufficiency to the

writ and not to the petition. (State ex rel. Dox v. Board, 10 Iowa, 157, 74 Am. Dec. 381; Dane v. Derby, 54 Me. 95, 89 Am. Dec. 722; 18 R. C. L. 349, § 305; Tapping on 'Mandamus, 362; 26 Cyc. 464, 465). Whether this practice has been changed by section 4864 of 'the Code we need not now determine.

[4] The demand made by petitioners on Judge Fountain, as president of the board, to do the several things embraced by the writ, was a sufficient demand upon the board. It was not necessary to repeat this demand to every member 19 A. & E. Ency. Law [2d Ed.] 762, citing Chumasero v. Potts, 2 Mont. 255. Moreover, as to those matters, as well as to the matter of expunction, it appears with sufficient certainty, we think, that any demand for such action would have been unavailing and useless, in view of the conduct and proclaimed opinion of the majority members of the board, evincing a settled purpose not to perform. In such a case the law does not require a demand. 26 Cyc. 182, and cases cited in notes 16 and 17.

[5] Again, as to the recordation of the act of allowance, it being a duty specifically enjoined by law, the authorities hold that demand for performance, before suit, is not required. 26 Cyc. 182.

[6] The action of the trial court in denying the motion of respondents to transfer the cause to the equity side of the court is not reviewable on appeal; however, the question may be raised or presented, and the assignment of error in that behalf is without merit. Pearson v. City of Birmingham, 210 Ala. 296, 97 South. 916.

We have considered all of the questions raised by appellants, and find no error for reversal.

The order and judgment of the circuit court will be affirmed. .

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.