# Lower v. The State.

### Carrying Concealed Weapon.

(Decided Jan. 16, 1912. 57 South. 500.)

*Statutes; Local Law; Notice; Constitutional Provision.*—When section 106. Constitution 1901, was adopted, the Code contained a provision now embodied in section 5184, Code 1907, and it is a fair inference that the constitutional provision was adopted in conformity to that provision of the Code, and hence, where the first insertion of a notice of an intention to apply for the enactment of a local law, was at least twenty-four days prior to the introduction of the bill, the notice was sufficient although four full weeks had not intervened.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

Ernest Lower was convicted of carrying concealed weapons and he appeals. Affirmed.

ROSCOE CHAMBLEE, for appellant. The act creating the Birmingham Court of common pleas was a local act, and did not have the notice by publication as required by section 106, Constitution 1901.—*Flood v. Kerwin,* 113 Wis. 673; *Lyon v. Hunt,* 11 Ala. 295; *City of Ensley v. Simpson,* 166 Ala. 366; *State ex rel. Robinson v. McGough,* 118 Ala. 159; *State v. Cherry County,* 58 Neb. 734; *Bunts v. Reed,* 16 Barb. 346; *Richardson*

*v. Bates,* 23 How. Pr. 516; *Wilson v. N. W. M. L. I. Co.,*
12 C. C. A. 505; *Denver v. Cornwell,* 86 N. W. 227; 2
Words and Phrases, 1437.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, and A. LEO OBERDOR-
FER, for the State. The act is not subject to the attack
here attempted to be made.—*Childress v. Shepard,* 142
Ala. 390; *Dudley v. Fitzpatrick,* 143 Ala. 165; House
Journal 1903, p. 600; *Larkin v. Simmons,* 155 Ala. 276;
House Journal 1907, p. 2139; *Ensley v. Simpson,* 166
Ala. 380; *Blue v. Everett,* 145 Ala. 104; House Journal
1903, p. 2360.

WALKER, P. J.—It is contended in behalf of the
appellant that the act of the Legislature purporting to
establish the Birmingham court of common pleas (Loc.
Acts Ala. 1911, p. 371) is unconstitutional because of a
failure to give the notice of intention to apply therefor,
as required by section 106 of the Constitution; and that,
therefore, the charge upon which the appellant was
tried, which was sworn to before H. B. Abernathy, as
the judge of that court, was without legal validity, and
was subject to the demurrer to it suggesting that ob-
jection. The specific ground of the objection urged is
that the proof of publication of notice, which accom-
panied the introduction on March 22, 1911, of the bill
for the creation of the court, in stating that the publi-
cation was made in a named newspaper published in
Jefferson county "once a week for four consecutive
weeks, on, to wit, February 24, March 3, 10, 17, 1911,"
failed to show a compliance with the requirement that
such notice "be published at least once a week for four
consecutive weeks * * * * prior to the introduc-
tion of the bill." The contention is that to constitute

a compliance with this requirement of the Constitution four weeks must intervene between the date of the first publication of the notice and the introduction of the bill.

It may be presumed that in framing that provision the makers of the Constitution had in mind the then existing state of the law as to the matter of the construction to be placed upon such a provision. The situation was that, in the absence of a statute governing the matter, a requirement that legal notice be published for a given number of weeks was in some jurisdictions held to be complied with by publishing it in that number of successive weeks, though the first publication be less than that number of full weeks prior to the act of which the notice is given; while in other jurisdictions it was held that the number of weeks stated must intervene between the date of the first publication and the performance of the act referred to in the notice.— *Olcott v. Robinson,* 21 N. Y. 150, 78 Am. Dec. 126; 29 Cyc. 1121; 37 Cent. Dig. tit. "Notice," § 29. In other words, there was a conflict in the decisions in different jurisdictions where there was no statutory definition or provision bearing on the question. But in Alabama at that time there was in force a section of the Code which bore the heading, "Publication for a specified number of weeks or days defined," and which provided that, "when the notice is required to be given for a specified number of weeks, it must be given by consecutive weekly insertions for the number of weeks so specified; and when the notice is of a proceeding to be had or of an act to be done on a specified day, if the publication be for one week, the insertion must be not less than six days before such day; if for two weeks, the first insertion must be at least twelve days before such day; if for three weeks, the first insertion must be at least

eighteen days before such day; if for four weeks, the first insertion must be at least twenty-four days before such day," etc. Code of 1896, § 3043, now section 5184 of Code of 1907. By that enactment the Legislature took cognizance of the doubts as to the meaning of such requirements as to giving notice which were suggested by the conflicting views on the subject prevailing in different jurisdictions in which there was an absence of statutory definitions governing the question, and removed such doubts by defining the meaning of terms in common use in making provision for the giving of notices.

Of course, the makers of the Constitution were not controlled by the provisions of that statute, and, if they had made it manifest that the language they used was to have a meaning different from that given by the statute to the same language when used in a similar connection, the statutory definition of the terms would have to be disregarded. But, when language is found in the Constitution the meaning of which when used in the general laws of the state for purposes analogous to that for which it is used in the Constitution has been specifically defined by a general statute then in force, it may at least be said that, in the absence of any indication in the Constitution of a different purpose, such a constitutional provision should be construed with reference to the provisions of a general statute of the state having a bearing upon the meaning of terms employed in it, rather than with reference to the views of the courts on questions arising as to the meaning of such terms in the absence of a statute governing the determination of such questions, especially when it is found that the views on such questions which have prevailed in different courts are much at variance. In other words, the fact that there was in force at the time of the mak-

ing of the Constitution a legislative construction of terms in common use in statutes making provision for the giving of notices furnishes a basis for a presumption that those terms when used in the Constitution were intended to have the meaning which had been given to them by that legislative construction; there being nothing in the Constitution to rebut this presumption. —*Moog v. Randolph,* 77 Ala. 597, 606; *Mayor v. State,* 15 Md. 376, 74 Am. Dec. 572. In view of the probability that the framers of the Constitution in using the language which is brought into question had in mind the fact that the Legislature had by a general law defined the meaning of practically identical language when employed in analogous connections, we are of opinion that it is a fair inference that the requirement of section 106 of the Constitution that notice of an intention to apply to the Legislature for a local law shall "be published at least once a week for four consecutive weeks in some newspaper published in such county or counties * * * prior to the introduction of the bill" is complied with by four successive weekly publications of the required notice, the first insertion being at least 24 days prior to the introduction of the bill, as provided by section 5184 of the Code in case of a similar provision for notice when prescribed by a general law. The decision in the case of *Ex parte Black,* 144 Ala. 1, 40 South. 133, furnishes some support for this conclusion. Certainly it cannot be said that the Legislature, in treating as sufficient the proof of publication of notice which is brought into question in this case, so clearly and unmistakably disregarded the requirement of the Constitution on the subject as to justify the court in deciding that its attempt to enact the local law which is assailed was wholly without effect.

Affirmed.