(87 South. 601)

## WILLETT v. WEAVER, Acting County Treasurer.    (7 Div. 174.)

(Supreme Court of Alabama.   Jan. 27, 1921.)

1. **Justices of the peace** ☞31—**Justices' courts not courts of record.**

Justices' courts are not courts of record.

2. **Courts** ☞183—**Judges** ☞22(7)—**Inferior court not of record, and salary of judge cannot be increased during term.**

The inferior court of precincts 15 and 20 of Calhoun county, Ala., created by Loc. Acts 1915, p. 93 et seq., in lieu of all justices of the peace and notaries public, with power of justices of the peace in such precincts, is not a court of record, and the salary of the judge is controlled by Const. § 281, prohibiting increase during the term for which he was elected or appointed.

3. **Constitutional law** ☞20—**Legislative construction of provision must be considered, but is not conclusive.**

Legislative construction of a constitutional provision must be considered, but such construction cannot be considered as final by the courts, and can have no effect against the plain mandate of the Constitution.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Petition by E. D. Willett for mandamus to compel John P. Weaver, acting county treasurer, to pay his warrant as judge of the court of common pleas. From a decree denying the petition, petitioner appeals. Affirmed.

E. D. Willett, of Anniston, for appellant.

The mandamus.should have been granted on the following authority: 118 Ala. 7, 24 South. 89; 122 Ala. 130, 27 South. 327; 45

Ala. 160; 172 Ala. 160, 54 South. 605; 29 Neb. 76, 45 N. W. 266, 26 Am. St. Rep. 373; 50 Wis. 178, 6 N. W. 557; 10 How. 402, 13 L. Ed. 472; 18 Minn. 199 (Gil. 182); 5 N. Y. 285; 27 Cal. 470; 45 Cal. 553; 21 Wis. 613; 38 Wis. 89.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

No brief came to the Reporter.

SAYRE, J.   August 25, 1915, the Legislature passed the act entitled "An act to establish an inferior court in precincts 15 and 20 in Calhoun county, Alabama, in lieu of all justices of the peace and notaries public with power of justice of the peace, in said precincts," etc., fixing the salary of the judge at $1,200 per annum.   Local Acts, p. 93 et seq..  September 23, 1919 (Loc. Laws 1919, p. 169), the foregoing act was amended so as to fix the salary of the judge at $1,800 per annum.   The county treasurer refusing to pay a warrant drawn on him for the salary at the amended rate, the ·judge, appellant, ·filed his petition in the circuit court for a writ of mandamus to require payment.   The writ was denied, and the judge has appealed.

Section 281 of the Constitution reads as follows:

"The salary, fees, or compensation of any officer holding any civil office of profit under this state or any county or municipality thereof, shall not be increased· or diminished during the term for which he shall have been elected or appointed."

Notwithstanding the direct language of the foregoing provision, it is argued that it was competent for the Legislature to increase the salary of the then incumbent of the office.   Salaries of the judges of this court and of other courts of record have been increased during their official terms; but that was done by virtue of the provisions of section 150 of the Constitution, which, taking judges of courts of record without the operation of section 281, and making a special rule as to them, provides, "The Justices of the Supreme Court, chancellors, and the judges of the circuit courts and other courts of record, except probate courts, shall, at stated times, receive for their services a compensation which shall not be diminished during their * * * terms," and then provides that such judges shall receive no fees or perquisites nor hold any office of trust or profit under this state or the United States during the term for which they have been elected or appointed.   Commonwealth ex rel. Attorney General v. Mathues, 210 Pa. 372, 59 Atl. 961.   The court over which appellant presides was created pursuant to section 168 of the Constitution, the pertinent provision of which is that, "where one or more precincts lie within, or partly within, a

city or incorporated town having more than fifteen hundred inhabitants, the legislature may provide by law for ⁎ ⁎ ⁎ an inferior court for such precinct or precincts, in lieu of all justices of the peace·therein," and the jurisdiction of such inferior courts is likened to that of a justice of the peace.

[1, 2] Justices' courts are not courts of record. Burns v. Campbell, 71 Ala. 271; Bullock v. Ogburn, 13 Ala. 346. Appellant's court is not designated in Constitution or statute as a court of record, the memorials which it keeps of its acts and judgment are not made to "import in themselves such incontrollable credit and verity, as they admit no averment, plea or proof to the contrary" (opinion of Sawyer, J., in Hahn v. Kelly, 34 Cal. 391, 94 Am. Dec. 742), and is not a court of record. The salary of the judge is controlled, therefore, by section 281 of the Constitution.

It is true, no doubt, that whether appellant's court shall continue to exist or not rests within the discretion of the Legislature, and that the Legislature could have abolished the court and created a new court in its place, fixing a new salary for the judge, as the argument for the appellant suggests; but it does not follow that the act of September, 1919, so far as it affected the incumbent of the office, was within the constitutional power of the Legislature, for the Legislature, when abolishing the court set up by the act of August, 1915, could not have continued appellant in office as the judge of the court set up in its place. It would have been necessary to fill the new office by a new appointment or election, in the result of which the appellant would have had no vested interest. Const. § 158. And, even if section 281 of the Constitution might in effect be evaded, that fact would not justify its demolition by direct assault. We can see no escape from the conclusion that the act of September 23, 1919, in so far as it affected the salary for the then current term of appellant, was unconstitutional and void.

[3] The legislative construction of the constitutional provision in question must be considered, the theory being that it entered into the legislative consideration of the act in question; but of course that construction cannot be considered as final by the courts, and can have no effect against the plain mandate of the Constitution. Board of Revenue v. Huey, 195 Ala. 83, 70 South. 744.

Appellant cites Douglas County v. Timme, 32 Neb. 272, 49 N. W. 266, and State v. Kalb, 50 Wis. 178, 6 N. W. 559, as authority for his contention. These and some other cases hold that a constitutional provision, viz. "nor shall the compensation of any public officer be increased or diminished during his term of office," applies alone to those officers whose offices are created by the Constitution. But it has been observed of course that the Constitution of this state is much broader in its definition of the class of officers affected by the provision; obviously it includes officers whose places are left to the discretion of the Legislature. In our Constitution "any officer holding any civil office of profit under this state or any county or municipality thereof" is affected by the prohibition, and we are clear to the opinion that the language quoted reaches the case of the appellant.

Affirmed.

All the Justices concur.