**CARNLEY, Judge of Probate, v. MOORE.**

(4 Div. 223.)

(Supreme Court of Alabama.   Dec. 17, 1925.)

1. **Appeal and error** ⬤⇒917(1) — **Pleading** ⬤⇒ 214(1)—**Demurrer admits facts alleged, which are treated as true and undisputed on appeal.**

Demurrer to answer admits allegations therein, and appellate court must consider facts alleged to be true and undisputed.

2. **Mandamus** ⬤⇒15—**Claim that county commissioner was fraudulently elected held not to constitute a defense to mandamus to compel payment for services rendered.**

In mandamus by county commissioner holding commission, based on a certificate of election to compel payment for services, allegations in answer that commissioner obtained votes by fraud, and that another was duly elected, *held* not to constitute a defense.

3. **Elections** ⬤⇒267—**Declaration by board of supervisors of result of election and commission by Governor held conclusive, except in election contest or quo warranto.**

Declaration by two of three members of board of supervisors, under Code 1923, §§ 510, 511, and commission of election based thereon, are conclusive evidence of result of election and right to hold office, except in election contest or in quo warranto proceedings, in which declaration is only prima facie evidence.

4. **Mandamus** ⬤⇒15—**Claim that election contest had been instituted against commissioner before he rendered services held no defense to mandamus to compel payment for services.**

In mandamus by county commissioner to compel probate judge to issue warrant for services covered by Code 1923, § 6771, averment that contest of election was commenced, and notice given commissioner before services were rendered, do not constitute a defense where account was allowed and passed by county commissioners, under section 224, though under .

section 321 judge would be liable for warrant drawn and paid without authority of law.

**5. Appeal and error ⊚⇒907(2)—Evidence to sustain judgment presumed, where record presents no answer or evidence.**

Where there is no answer on file, and no evidence in the record, appellate court will presume any state of evidence to have been before court to sustain its judgment, as judgment is presumed free from error until contrary is shown.

Appeal from Circuit Court, Coffee County; J. S. Williams, Judge.

Petition of J. J. Moore for mandamus to J. A. Carnley, as Judge of Probate of Coffee County. From a judgment granting the writ, respondent appeals. Affirmed.

P. B. Traweek, of Elba, for appellant.

Mandamus will not lie unless the relator shows a clear legal right to the thing demanded and an imperative duty on the part of respondent to perform. Cloe v. State, 209 Ala. 544, 96 So. 704; Armstrong v. O'Neal, 176 Ala. 611, 58 So. 268; Minchener v. Carroll, 135 Ala. 409, 33 So. 168. Mandamus is properly refused, where relator's right is doubtful. Banks v. Mobley, 4 Ala. App. 510, 58 So. 745. Audit and allowance of a claim by the commissioner's court does not estop the county to deny liability. Comm. Court v. Moore, 53 Ala. 25; Fountain v. State, ex rel., 210 Ala. 51, 97 So. 59; Code 1923, § 321.

W. W. Sanders, of Elba, for appellee.

Petitioner was entitled by law to the fees claimed. He was a de jure officer, and relief was properly awarded him. Baldwin v. Kouns, 81 Ala. 272, 2 So. 638; Henderson v. Glynn, 2 Colo. App. 303, 30 P. 265.

MILLER, J. This is an application by petition of J. J. Moore under oath to the judge of the circuit court of Coffee county for writ of mandamus, to compel J. A. Carnley, as judge of probate of Coffee county, to issue a warrant on the treasurer or depositary of the county for $66.10, the amount due petitioner by this county for services rendered the county by him as commissioner of the county. The petitioner alleges the account for the services rendered and mileage traveled by him as commissioner was itemized, verified by affidavit filed with and approved and allowed by the court of county commissioners; that he was duly elected a member of the court of county commissioners from the northwest district of the county; he was duly declared by a majority of the canvassing board of the county to have been elected; that a commission was issued to him as such officer by the Governor of Alabama on December 23, 1924; and that he duly qualified as such officer, and

has been performing the duties thereof since January 19, 1925. He avers that he demanded of the judge of probate a warrant for the $66.10, which was allowed him by the court of county commissioners for services rendered by him as such commissioner since January 19, 1925, and J. A. Carnley, the judge of probate, refused to issue the warrant, on the ground that petitioner's election to said office of county commissioner from said district was and is being contested by proceedings now pending in the circuit court and the probate court of Coffee county.

The judge of the circuit court of Coffee county, on presentation and filing of the foregoing petition, directed a rule nisi to issue to the judge of probate, requiring him to issue the warrant or appear on a day named to show cause, if any, why he should not be required to do so. The respondent, Carnley, as the judge of probate, appeared and filed written answer to the petition. Demurrers of petitioner were sustained by the court to it. He then amended the answer, and demurrers of petitioner were sustained by the court to the answer as amended. The respondent declined to plead further, the court then by decree held the facts alleged in the petition were true, directed peremptory writ of mandamus to issue, commanding respondent to issue a warrant to petitioner for the amount, as allowed him by the court of county commissioners, for the services rendered by him as commissioner for the northwest district of Coffee county, taxed respondent with the cost of the cause, and directed execution to issue for it, if it was not paid by him.

These rulings of the court sustaining demurrers of petitioner to the original answer and the answer as amended, and the judgment of the court ordering the peremptory writ of mandamus to issue are the errors assigned and argued in brief of the respondent, the appellant. The sufficiency of the petition is not questioned by demurrer.

[1] This cause is before us on demurrers to the answer as originally filed and as amended to the petition. The demurrer admits the allegations therein, and we must consider the facts as alleged to be true, undisputed. Fountain v. State, etc., 210 Ala. 51, headnote 1, 97 So. 59; Erswell v. Ford, 205 Ala. 494, headnote 4, 88 So. 429.

The original answer alleges: J. J. Moore and W. F. Clark were each candidates in the November, 1924, election for the office of commissioner of this county of Coffee from the northwest district therein, and that J. J. Moore did not receive a majority of the legal votes cast, and was not in fact and truth elected county commissioner for that district, but that W. F. Clark received a majority of the legal votes cast in said

northwest district by count of the election inspectors. Clark received a majority of 9 votes cast, but the sheriff and clerk of said circuit court of Coffee county, contrary to law, counted 18 votes for Moore, which were cast outside of the northwest district; and upon a declaration of the sheriff and clerk to that effect, the Governor and secretary of state issued to Moore the commission attached to the petition. That the title and the right to hold said office is now being contested by Clark and Moore in the probate court and in the circuit court of that county, and "that D. F. Wilks has on file a claim for official services, which is not paid, and respondent says that payment cannot be made until petitioner's right to the office is adjudicated in said contest proceedings."

[2] The original answer sets up no legitimate defensive matter to the petition for writ of mandamus. It appears therefrom that Moore held a commission from the Governor to the office based on a certificate of the sheriff and clerk of the circuit court of the county that he was duly elected. It is true the answer shows Clark was elected by a majority of 9 of the legal votes cast, and that, contrary to law, the sheriff and clerk counted 18 votes for Moore which were not cast in the district, which made Moore receive a majority of the votes. This, if true, and it is admitted by the demurrer, would be a fraud; but it could not be set up in this mandamus proceeding. Clark is not and cannot be a legal party to this cause. This fraud, if it exists, can be shown in a properly instituted contest of election proceedings between the parties, if a contest is authorized by statute, or on information in the nature of quo warranto to determine the right to the office. Goodwyn v. Sherer, 145 Ala. 501, 40 So. 279; Moulton v. Reid, 54 Ala. 320; Plowman v. Thornton, 52 Ala. 559; Thompson v. Holt, 52 Ala. 491.

[3] Under the statutes (sections 510 and 511, Code of 1923), the board of supervisors composed of the sheriff, clerk of the circuit court and judge of probate of the county, must make in writing a public declaration of the result of the election for commissioner, and the declaration must be signed by at least two of the supervisors. It appears that two of the supervisors, the sheriff and clerk, by written certificate declared that Moore was duly elected and that he received a majority of the votes cast in this election for commissioner. This certificate or declaration by them authorized the Governor to issue a commission to Moore to hold the office. This declaration by the sheriff and clerk of Moore's election and this commission of the Governor based thereon, are conclusive evidence of the result of the election and the right of Moore to the office in this proceeding. The result of an election must not rest in doubt or uncertainty. When certificate or declaration thereof is made by at least two of the board of supervisors, it is conclusive evidence of the result thereof, except in a contest of the election under a statute authorizing it or in quo warranto proceedings to determine the right to the office; in such proceedings it is only prima facie evidence of the right to the office. This court in Moulton v. Reid, 54 Ala. 323, under the statute at that time, wrote:

"A certificate issued by the sheriff, a public officer, charged with the duty of conducting the election, ascertaining and declaring its result, is the evidence of election the statute prescribes. When issued, it is conclusive evidence of the result of the election, of the right of the person to the office to which it shows him to have been elected, except when statutes authorize a contest of the election, and the contest is commenced, or on an information in the nature of a quo warranto, to determine the right to the office. In these proceedings it is prima facie evidence of the right, imposing the burden of proof on those who impeach its fairness."

It results that the court did not err in sustaining demurrer to the original answer of the respondent. Authorities supra.

[4] The respondent amended this answer by further averring that the contests of the election in the probate court and in the circuit court were commenced and notice given Moore thereof before the services were rendered for which he claims the warrant, and they are still pending and undetermined. And it further alleges the claim allowed for services is not a valid, legal claim against the county, and that it is not correct and legally due. These averments added by amendment to the original answer, under the foregoing and following authorities, would be no defense in this cause to the petition.

The account allowed and passed by the court of county commissioners is for $3 per diem for services rendered by the relator as commissioner in the discharge of his duties as such, and for 5 cents per mile in going to and returning from the court, and 5 cents per mile necessarily traveled by the commissioner in the performance of his duties as to bridges and works of the county, which are permitted by section 6771, Code of 1923. Section 321 of the Code of 1923 provides:

"Such officer [judge of probate] signing such warrants shall be liable for the amount of any warrant drawn and paid by such depositaries without the authority of law."

But section 224 of the Code of 1923, states the court of county commissioners must in term time audit all claims against the county, and every claim or such part thereof as is allowed must be registered in a book kept for that purpose, and the judge of probate

must give the claimant a warrant on the treasury for the amount so allowed. If the claim allowed is one legally chargeable against the county, then the judge of probate may be compelled by mandamus to issue the warrant to the claimant [owner] on the treasury for the amount allowed. Commissioners' Court v. Moore, 53 Ala. 25; Jack v. Moore, 66 Ala. 184. In Jeffersonian Pub. Co. v. Hilliard, 105 Ala. 578, 17 So. 113, this court said:

"The audit and allowance of claims against the county is the exercise of administrative or executive, not of judicial, power. If the record should show affirmatively that the court had allowed a claim not legally chargeable on the county, the allowance of which was an excess of the authority with which the court is intrusted, the allowance would be void. But when the claim is of the character with which the county is by law chargeable, the audit and allowance creates a prima facie liability on the county; the power of the commissioners' court is exhausted; and the prima facie liability of the county imposes on the judge of probate the duty of giving the claimant a warrant on the county treasury for the amount allowed. He is without authority to revise the action of the commissioners' court in the allowance of the claim, as he would be without authority to revise its action in the disallowance of a claim. The duty of the judge, is obedience to the mandate of the court; a mere ministerial duty imposed on him in his ministerial capacity of the keeper of the records of the court, in the performance of which he is without discretion."

In Henderson v. Glynn, 2 Colo. 303, 30 P. 265, the headnote which is sustained by the opinion, and applicable to the pleading in this cause, states:

"Where one holds possession of a judicial office under a certificate of election duly issued by the secretary of state, he is entitled to the compensation incident to the office; and the fact that a contest of the election is pending cannot be set up as a defense in a proceeding by mandamus to compel payment of the salary."

This claim of relator, passed and allowed by the court, is chargeable to the county, and he is entitled to compensation for the services rendered the county by him as its commissioner. Authorities supra.

The court did not err in sustaining the demurrer to the answer as amended.

[5] This cause was before the trial court without a jury. There is no bill of exceptions. It is before us on the record proper, without any evidence. The judgment of the court states:

"The respondent declined to plead further, and it is ordered, adjudged, and decreed that the allegations of the petition are true, and that a peremptory writ of mandamus issue," etc.

We cannot hold the court erred with no answer on file to the petition, and with no evidence in the record, in granting the petition, ordering the peremptory writ to issue and taxing respondent with the court cost.

With the record in that condition, this court will presume any state of evidence to have been before the court to sustain its judgment. The judgment of the trial court on appeal is presumed to be free from error until the contrary is shown. Beadle v. Davidson, 75 Ala. 494; Bailey v. Griffin, 211 Ala. 219, headnote 1, 100 So. 242, and authorities supra.

The record is free from error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.