(111 So. 312)

## In re OPINIONS OF THE JUSTICES.

## In re SCHOOL APPROPRIATION ACT.

### (No. 3.)

(Supreme Court of Alabama.   Feb. 7, 1927.)

*(Syllabus by the Court.)*

1. **Statutes** ⟶68—Act distributing money to counties for schools is general law, though not uniform as to amount of money apportioned to several counties (Act Jan. 28, 1927; Const. 1901, § 110).

An act making an appropriation for the further support of the public schools of the several counties of the state, distributing to certain named counties specified sums and leaving a surplus over to be apportioned to the several counties as their needs may require, so that each of such schools may have a minimum term of seven months during the current year, is a general law which applies to the whole state within the meaning of section 110 of the Constitution of 1901, notwithstanding said act is not uniform in its application as to the amount of money apportioned to the several counties of the state.

2. **Schools and school districts** ⟶19(6)—Appropriation out of general fund in treasury of specified sums to named counties does not apportion school fund contrary to Constitution (Act Jan. 28, 1927; Const. 1901, § 256).

An act making an appropriation out of the general treasury of the state for the further support of the public schools of the several counties of the state for immediate use, distributing to certain named counties specified sums, and leaving a surplus to be apportioned to the several counties as their needs may require, so that each of such schools may have a minimum term of seven months during the current year, is not in violation of section 256 of the Constitution 1901, requiring that the public school fund shall be apportioned to the several counties in proportion to the number of school children therein, since the fund made the subject of said act is the general fund in the state treasury which is not set apart and made a part of the public school fund.

*(Additional Syllabus by Editorial Staff.)*

Minority Response.

3. **Schools and school districts** ⟶19(6)—Appropriation of specified sums out of treasury to named counties apportions school fund contrary to Constitution (Act Jan. 28, 1927; Const. § 256).

Act Jan. 28, 1927, appropriating out of state treasury specific sums to named counties, leaving surplus to be apportioned to several counties as their needs may require to aid schools, in view of Const. 1901, § 260, providing that fund dealt is increase of school fund, apportions school fund contrary to section 256, requiring apportionment to several counties in proportion to number of school children therein. (Per Anderson, C. J.)

Response of the Justices of the Supreme Court to questions of the Governor as to the validity of a statute appropriating public money to aid schools.

The following attorneys, as amici curiæ, filed briefs with the Justices: Steiner, Crum & Weil, Hill, Hill, Whiting, Thomas & Rives, and Lawrence H. Lee, all of Montgomery.

Chambers of the Justices,

February 7, 1927.

Hon. Bibb Graves, Governor of Alabama:

The inquiry as to the constitutionality of the act "to make an appropriation of six hundred thousand ($600,000.00) dollars, or so much thereof as may be necessary, to the state board of education for the further support and maintenance of the public schools of the state in order that a minimum school term of seven months or 140 days may be provided for the current fiscal year ending September 30, 1927," approved January 28, 1927, formulated under the provisions of section 10290 of the Code of 1923, and presented by your communication of February 3d, is received by the Justices.

The undersigned Justices reply in the negative to both inquiries. The considerations inducing our conclusions are set forth in the opinion which has been prepared by Justice BROWN.

By the act in question, the Legislature has appropriated, out of the general treasury of the state, $600,000, or so much thereof as may be necessary, for the further support of the public schools of the several counties of the state for immediate use, distributing to certain named counties specified sums, and leaving a surplus of over $100,000 to be apportioned to the several counties as their needs may require, so that each of such schools may have a minimum term of seven months during the current year ending September 30, 1927. The questions presented by the inquiry propounded by the Governor under the Advisory Opinion Act are:

"First. As to whether or not it violates the provision of section 110 of the Constitution of 1901, wherein the Attorney General holds it to be a local act.

"Second. Whether or not said act violates the provision of section 256 of the Constitution of 1901 as suggested in the opinion of the Attorney General."

[1] That the act in question is a general law "which applies to the whole state" is not a question of doubt, although it is not uniform in its application as to the amount of money apportioned to the several counties of the state. Smith v. Stiles, Probate Judge, 195 Ala. 107, 70 So. 905; State ex rel. Brooks v. Gullatt, 210 Ala. 452, 98 So. 373.

The question of difficulty presented is whether or not the act violates section 256 and section 260 of the Constitution, when

these sections are construed together with the related sections of the Constitution.

Section 71 of the Constitution of 1901 provides:

"The general appropriation bill shall embrace nothing but appropriations for the ordinary expenses of the executive, legislative, and judicial departments of the state, for interest on the public debt, and for the public schools," etc.

"Sec. 256. The Legislature shall establish, organize, and maintain a liberal system of public schools throughout the state for the benefit of the children thereof between the ages of seven and twenty-one years. The public school fund shall be apportioned to the several counties in proportion to the number of school children of school age therein, and shall be so apportioned to the schools in the districts or townships in the counties as to provide, as nearly as practicable, school terms of equal duration in such school districts or townships."

"Sec. 260. The income arising from the sixteenth section trust fund, the surplus revenue fund, until it is called for by the United States government, and the funds enumerated in sections 257 and 258 of this Constitution, together with a special annual tax of thirty cents on each one hundred dollars of taxable property in this state, which the Legislature shall levy, shall be applied to the support and maintenance of the public schools, and it shall be the duty of the Legislature to increase the public school fund from time to time as the necessity therefor and the condition of the treasury and the resources of the state may justify," etc.

[2] The objection urged is that the act in question violates section 256 of the Constitution because the distribution of the fund dealt with is not "apportioned to the several counties in proportion to the number of school children of school age therein." This objection is based on the assumption that the act deals with "the public school fund," the apportionment of which is regulated by section 256. We are of opinion that this assumption is not well grounded. The public school fund dealt with by this section is the fund arising from the specific sources enumerated in and appropriated to the general public school fund by sections 257, 258, 259, of the Constitution, and such supplement thereto as may be set apart out of the general treasury to this fund by the general quadrennial appropriation act, referred to in section 71 of the Constitution, and other appropriations set apart to the school fund to be apportioned under the Constitution and statutes by the educational authorities of the state. Heustess v. Hearin et al., 213 Ala. 106, 104 So. 273.

The fund, the subject-matter of this act, is the general fund in the state treasury, and it is not set apart and made a part of the public school fund to be apportioned and distributed, by the educational authorities, but is in the main intercepted and apportioned by the Legislature to certain named counties, as an emergency appropriation, to

provide a "school term of equal duration" for the current year ending September 30, 1927, in accord with the very spirit of the Constitution.

In dealing with moneys in the state treasury, not otherwise appropriated, in the absence of constitutional limitation, the power of the Legislature is supreme. State ex rel. v. Greene, 154 Ala. 249, 45 So. 268; Ensley Development Co. v. Powell, 147 Ala. 300, 40 So. 137.

We are therefore not of opinion that this act is subject to the objection that it is repugnant to either of said sections of the Constitution.

ORMOND SOMERVILLE,
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
Justices.

### Minority Response.

February 7, 1927.

To His Excellency, Bibb Graves, Governor of Alabama—Dear Sir:

[3] Replying to yours of the third, wherein you ask if the act of the Legislature thereto attached violates (1) section 110 of the Constitution of 1901, and (2) if it violates section 256 of said Constitution.

I am in accord with my brothers in the opinion that the act does not violate section 110 of the Constitution, but am constrained to differ with them as to section 256.

Section 256 of the Constitution provides, among other things:

"The public school fund shall be apportioned to the several counties in proportion to the number of school children of school age therein, and shall be so apportioned to the schools in the districts or townships in the counties as to provide, as nearly as practicable, school terms of equal duration in such school districts or townships."

We are not called upon to decide whether or not the Legislature must apply the entire "school fund" to the several counties or whether or not governing boards have any discretion as to the apportionment of the fund in the respective districts or townships. The question is, When an appropriation or apportionment is made to the counties, must it apply to all counties, and must it be in proportion to the number of the children of school age in the respective counties?

I think the word "several" as used means all of the counties in the state, with perhaps the exception of Mobile county, which is specifically dealt with in section 270 of the Constitution. Therefore the only justification for the act in question is that the appropriation does not belong to, and is not a part of, "school fund" as dealt with in section 256 of the Constitution. If section 256 stood alone, it could possibly be interpreted

as dealing only with funds originally levied, raised or assessed for school purposes, but, when we consider section 260 of the Constitution, it provides among other things that:

"It shall be the duty of the Legislature to increase the public school fund from time to time as the necessity of therefor and the condition of the ·treasury and the resources of the state may justify."

It must be observed that section 260 expressly provides that the fund dealt with is but an increase of the "school fund," and is, in effect, a part of the "school fund" as dealt with in section 256, and the present act does not apportion the sum so appropriated among all of the counties in proportion to the number of school children of school age in the respective counties, and is therefore repugnant to section 256 of the Constitution.

I am unable to appreciate the attempted distinction by the majority to the effect that, if the $600,000 had been appropriated to the school fund, it would have to be apportioned under section 256, but, as the Legislature made a direct appropriation to the counties, or some of them, and an apportionment among them, the said sum so appropriated did not become a part of the school fund within the contemplation of section 256. This strikes me as hypercritical rather than a well-grounded distinction.

　　　　　Respectfully,
　　　　　　　JNO. C. ANDERSON,
　　　　　　　　　Chief Justice.

Justice SAYRE made the following response:

　　　　　　　　February, 8, 1927.
Hon. Bibb Graves, Governor of Alabama—
　　Dear Sir:

Replying to your request for an opinion as to the constitutionality of the recent act appropriating $600,000 to the school fund of the state, I trust you will excuse my failure to answer "yea" or "nay" at this time. I have in mind of course the fact that, to use the language of some of the Justices in Re Opinions of the Justices, 209 Ala. 593, 96 So. 487, "the merely advisory opinions contemplated [by the act under which you proceed] are those of the individual Justices, not of the Supreme Court of Alabama in its judicial capacity." I considered this question when Governor Brandon requested an opinion on the bill for the development of the port of Mobile, and, with great deference to the learning of other judges who differed, stated my opinion, which may be found in the report of the case above referred to. My subsequent reading and reflection have reinforced the opinion then expressed. My only purpose is to keep an open mind on the subject of the present inquiry until such time as the court, after hearing both sides,

may be called upon to render an opinion which will be arrived at under the sanction of official oath, and I am afraid that, if I pronounce an opinion at this time, I may be seriously embarrassed then. The Attorney General is made by law (Code, § 853) the advisor of all departments of the state, and he has given an opinion on the subject which you now propose. If he perseveres in that opinion, litigation will be necessary, and I prefer to reserve my opinion until the prospective controversy comes on to be heard in due course.

Assuring you of my great respect and my entire willingness, within the limits which I conceive to be imposed by judicial practice and constitutional law, to contribute any effort of mine that may tend to establish the law on a fair and sound basis, I am

Very truly yours,　　　　A. D. SAYRE.