(118 So. 409)

**CARNLEY, Judge, v. MOORE.** (4 Div. 384.)

Supreme Court of Alabama.   June 21, 1928.

Rehearing Denied Oct. 25, 1928.

M. A. Owen and J. C. Fleming, both of Elba, and M. S. Carmichael, of Montgomery, for appellant.

C. L. Rowe, of Elba, for appellee.

THOMAS, J. ■ The probate judge had the right and it was his duty, to decline the issue of the warrant, if it was based on a void claim. Section 9575 et seq., Code; State ex rel. Terrell-Hedges Co. v. Moody, 202 Ala. 444, 80 So. 828; Id., 16 Ala. App. 441, 78 So. 639.

The petition is for mandamus to compel the judge of probate to issue a warrant to a county commissioner at the rate of $5 per day, under an act seeking to authorize an increase of compensation of such official within his term of office. Local Acts 1927, p. 395.

■■ The act was local in its application and within the purview of section 106 of the Constitution. Was it published or posted as required by the organic law "at least once a week for four consecutive weeks," etc? The bill was introduced in the Senate on August 19, 1927, and the notice given was by publication in the newspaper of that county on July 29th, August 5th, August 12th, and August 19th, of the year 1927. It is insisted that the notice given was "for four consecutive weeks in the county * * * prior to the introduction of the bill," as required of a local law. Lower v. State, 3 Ala. App. 122, 57 So. 500; Ex parte Lower, 178 Ala. 87, 93, 59 So. 611; Ensley v. Simpson, 166 Ala. 366, 52 So. 61.

The decision in the Lower Case was to the effect that the word "a" in the clause of the Constitution here pertinent is used in the sense of "in each" week, so that, when such notice was published in a newspaper or posted (as the facts warranted) once a week in each of four consecutive weeks, *between the first publication and the introduction of the bill*, the constitutional requirement was complied with, although 28 days had not intervened. Our cases on the subject are collected in 40 L. R. A. (N. S.) 28. There is no evidence of the time of the day when the publication of the Enterprise Ledger was accomplished on August 19, 1927; the affidavit of the publisher as a part of the Senate Journal is uncontradicted that such was the accomplished fact when the bill was introduced in the Senate on the same day of the last publication.

The Code of 1896 contained section 3043, defining publications for a specified number of weeks or days, and contains, among other things, the provision that, if the required notice is "for four weeks, the first insertion must be at least twenty-four days before such day"; and this requirement was carried forward as section 5184 into the Code of 1907, and as section 9260 into the Code of 1923. Section 11 of the Code of 1896 is section 13 of the Code of 1923, and prescribes the time within which any act is provided by law to be done, that it must be computed by *excluding* the first day and *including* the last, if that day be not Sunday, and, if so, by counting the following Monday. Cox v. Hutto, 216 Ala. 232, 113 So. 40; Stewart v. Keller, 197 Ala. 575, 73 So. 89. This illustrates the public policy of the state as to the required computation of time, at the period at which section 106 of the Constitution was ordained, and when the act in question was passed by the Legislature. However, it must be conceded that these sections of the statute had no application, nor were legislative definitions of the meaning of the "constitutional phrase prescribing notice of the introduction of local bills," that this was left to be determined upon consideration of the language employed and so that the required "publication must, of course, be completed prior to the introduction of the bill." Ex parte Lower, 178 Ala. 87, 95, 59 So. 611, 613.

The court is of opinion that the act was local in its application, and within the provisions of the required notice of section 106 of the Constitution, and that the notice exhibited by the Senate Journal did not show a completed publication at least once a week for four consecutive weeks "prior to the date of introduction of the bill." Ex parte Lower, supra. The date on which the notice last appeared in the Enterprise Ledger was, as stated, August 19, 1927, and this was the date on which the bill was introduced in the Senate. As to the compliance with said provisions of section 106 of the Constitution, this court is of opinion that the publication is required to have been completed before, or on the day preceding the introduction of the bill, and that the last publication may not be made upon the date of the introduction of the bill.

The act in question, approved September 9, 1927, sought to divide the county of Coffee into four commissioners' districts as specifically indicated, to provide that commissioners be elected for the first and second districts at the general election in 1930, and that the third and fourth district commissioners be elected in 1928 for the respective terms of four years, etc., and until his successor is elected and qualified, said commissioner to be elected by

the voters of the district in which such elector resides, and further provides that the act shall not affect the right and tenure of office of the "present county commissioners of Coffee county," but such "commissioners shall continue to hold and discharge their duties in their said offices until their successors are elected and qualified under this act"; that "the several county commissioners of Coffee county, Alabama, in addition to the duties now imposed on them by law, shall be directly in charge of the construction and maintenance of the public roads and bridges in their respective commissioners' districts, and shall be responsible for all such tools, road machinery and road hands and labor as made. by appropriate orders of the court of county commissioners of said county be assigned and used in their respective districts." Each commissioner shall be required to give bond; and section 7 prescribes that three commissioners shall constitute a quorum "in case of the absence of the probate judge at any regular meeting of the commissioners' court." Section 8 provides that—

"Each county commissioner shall receive while engaged in attending on the board of county commissioners or the duties of the office the sum of $5.00 per day, which shall be in lieu of all other compensation paid him by the county; that before receiving any compensation each commissioner shall make out an itemized, verified account signed and sworn to before an officer of competent jurisdiction, showing the number of days of service, and no commissioner shall receive pay for more than 150 days during any calendar year."

It is further provided that, if any portion of the act is declared void, that fact shall not affect or destroy the validity of any other portion of the act which is not in and of itself void; that all laws and parts of law in conflict are repealed, and all laws or parts of laws not so conflicting continue in force; and that the act shall become effective from and after its approval by the Governor on September 9, 1927. Local Acts 1927, pp. 395-397.

Under the general law, such official was paid as provided in section 6771, Code of 1923, as follows:

"Each member of the court of county commissioners and board of revenue in each of the several counties of the state of Alabama shall be paid out of the county treasury of their respective counties for their services the sum of three dollars per day while occupied in the discharge of their duties as such members of the court of county commissioners or board of revenue, and five cents per mile in going to and returning from their respective courts, and the sum of three dollars per day while occupied in the discharge of their duties in letting out, inspecting and accepting, building, or repairing, of any county bridges, or county buildings or works, and five cents per mile for each mile necessarily traveled." Act Aug. 25th, 1909, p. 157; Carnley v. Moore, 214 Ala. 114, 106 So. 604.

And the change in compensation indicated by the act before us is an increased per diem allowance, and that as to the duties imposed are such as are embraced in the general statutes, and there is a requisition for giving bond. The case of Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 40 A. L. R. 1052, is not of application here.

■■ The provisions of the act, under which salary, fees, or compensation of petitioner is sought to be compelled of payment by mandamus or as a local act, are violative of section 96 of the Constitution denying the right of the Legislature to enact a law not applicable to all the counties of the state, regulating costs and charges of courts, or fees, commissions, or allowances of public officers, Birmingham Elec. Co. v. Harry, 215 Ala. 458, 111 So. 41; Vaughan, Judge of Probate, v. State ex rel. Barker, 212 Ala. 461, 103 So. 38, and was an allowance to à public officer within the inhibition of subsection 24 of section 104 of the Constitution, Brandon v. Askew, 172 Ala. 160, 54 So. 605; Osborn v. Henry, 200 Ala. 353, 76 So. 119; Jackson, Clerk, v. Sherrod, Dep. Sol., 207 Ala. 245, 92 So. 481.

■ The claim or compensation sought by the official was likewise offensive to the provisions of sections 68 and 281 of the Constitution, being in the nature of an increase of the county official's compensation during the "term of his office," Stovall v. City of Jasper (Ala. Sup.) 118 So. 467;[1] City of Birmingham v. Hawkins, 208 Ala. 79, 94 So. 62; McMurray v. County Board of Education, 216 Ala. 144, 112 So. 644, and different from that in other counties.

The official and increased compensation sought is not within the exception or provision for an increase during an official term under section 150 of the Constitution. Willett v. Weaver, 205 Ala. 268, 87 So. 601; Commonwealth v. Mathues, 210 Pa. 372, 59 A. 961. We are of opinion that the act in question was a mere effort or colorable pretext to increase the compensation of the county commissioners, and not within the decision of Tayloe v. Davis, 212 Ala. 282, 102 So. 433, 40 A. L. R. 1052. This is more apparent when its provisions, sections 5, 6, and 7, charging such officials of the county with general duties theretofore resting upon them in a due discharge of duty under the general laws, are considered; that is to say, as members of the commissioners' court, such officials were given the general direction and control of the county's property and the *exercise of other powers that are or may be given by law*, section 6755, Code, such as the power of purchase or condemnation of road building, maintenance, material, etc., section 6757, Code, additional authority as to bridges, maintenance, operation, etc., sections 6759, 6762, Code, and for the establishment, discontinuance, working, and maintenance of

[1] Post, p. 282.

public roads, bridges and ferries, article 2, c. 32, § 1347 et seq.; Hill v. Moody, 207 Ala. 325, 93 So. 422; Sims v. Butler County, 49 Ala. 115. Such were the general duties imposed by law, that he was required, as commissioner, to exercise, and other powers that may be given by law. Section 6755, Code.

It was therefore the duty of the probate judge to refuse to issue the warrant based upon a void claim, such as was made under the provision of the act as to the increased compensation to the county commissioner in office. The decision in Carnley, Probate Judge, v. Moore, 214 Ala. 114, 106 So. 604, was rested upon different consideration, and touched the right of an official elected to office to his due and lawful compensation, fees, or allowances to him as such official in office under the general law, to which we have adverted.

The Attorney General is by law the adviser of the departments of the state, and gave an opinion on the act before us to the county official. It will not be necessary to pass upon the objections or ruling below as to the effect of the opinion of that official, since the payment was not made thereon by the disbursing officer of the county. The justification that may be made thereunder in support of payment is not for review. See debates in the Constitutional Convention by Governor Oates and Mr. Fitts; Op. Attys. Gen., February 3, 1927, p. 25; In re Opinions of the Justices, Supreme Court, 215 Ala. 524, 526, 111 So. 312; Fergus v. Russel, 270 Ill. 304, 110 N. E. 130, Ann. Cas. 1916B, page 1120.

The act is unconstitutional. Judgment granting the writ is reversed, and one is here rendered dismissing the petition.

ANDERSON, C. J., and SAYRE, SOMERVILLE, GARDNER, BOULDIN, and BROWN, JJ., concur.